UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|                                            |   |                              |
|--------------------------------------------|---|------------------------------|
| MICHELLE BARRICELLO,                       | ) |                              |
| Plaintiff,                                 | ) |                              |
| v.                                         | ) | Civil Action No. 18-10398-LTS |
| BANK OF AMERICA, N.A. BANK OF AMERICA HOME LOANS SERVICING LP, et al., | ) |                              |
| Defendants.                                | ) |                              |

ORDER ON PENDING MOTIONS

March 25, 2019

SOROKIN, J.

Michelle Barricello seeks to challenge the foreclosure of her home, and certain pre-foreclosure conduct by the defendant lenders and loan servicers.[1] The defendants have moved to dismiss the complaint; Barricello has opposed and requested entry of judgment in her favor. Her motions to amend and for default judgment also are pending. As explained below, the Court ALLOWS the motions to dismiss and DENIES Barricello's motions to amend, for default judgment, and for summary judgment.

I. **FACTS**[2]

In 2006, Barricello obtained a loan from Countrywide Bank, N.A., with a promissory note secured by a mortgage on her home in Brewster, Massachusetts. The mortgage was granted

---

[1] The defendants are Bank of America, N.A. Bank of America Home Loans Servicing LP ("BANA"), Wells Fargo, N.A. as Trustee for Harborview Mortgage Trust 2006-2012 Certificate Series ("Wells Fargo"), and Select Portfolio Servicing ("SPS").
[2] Because the resolution of the motions requires only a brief account of the circumstances underlying this action, the Court limits its summary of the facts and procedural history accordingly and assumes familiarity with the papers filed in this action and in Barricello v. Wells Fargo Bank, N.A., No. 13-cv-12795 (D. Mass.) ("Barricello I").

to Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Countrywide. Thereafter, Countrywide sold its interest in the loan to a company that securitized the note as part of the HarborView Mortgage Loan Trust 2006-12 Asset Group, for which Wells Fargo was the Trustee. In September 2011, MERS assigned its interest in the mortgage to BANA, as successor in interest to Countrywide. On December 26, 2012, BANA assigned its interest in the mortgage to Wells Fargo. SPS was attorney-in-fact for BANA and loan servicer for Wells Fargo.

In the midst of these assignments, Barricello declared bankruptcy and, in February 2011, was granted a bankruptcy discharge. The discharge encompassed her personal liability for the note, but Barricello did not regain title to her home.

In August 2013, Wells Fargo petitioned the Massachusetts Land Court for determination of Barricello's status under the Servicemembers Civil Relief Act. Viewing the petition as a prelude to foreclosure, Barricello, represented by counsel, filed a complaint in the Land Court challenging the assignments of the mortgage, seeking to try title and enjoin foreclosure proceedings. The defendants removed the case to this Court and moved to dismiss the complaint under Rule 12(b)(6). Barricello, whose attorney had withdrawn, filed pro se oppositions to the motions along with various other motions and letters.

On March 22, 2016, Judge Wolf granted the motions to dismiss, addressing each count of the complaint and explaining why Barricello's various filings did not provide a basis for relief. See Barricello I, 2016 WL 1244993. Judge Wolf dismissed with prejudice Barricello's declaratory judgment claims challenging the assignments of her mortgage, finding she lacked standing where the alleged defects rendered the assignments voidable by the parties, but not void or otherwise invalid. Id. at *5-6. He also dismissed with prejudice Barricello's contract claims, finding she had not met the pleading requirements of Rules 8(a)(2) and 12(b)(6). Id. at *7-8.

Judge Wolf dismissed Barricello's state-law try-title claim without prejudice, finding he lacked jurisdiction over it.  Id. at *4.  He also dismissed without prejudice her claims under Chapter 93A of the Massachusetts General Laws, as she had not made a written demand for relief before filing suit.  Id. at *6-7.  After reviewing all of Barricello's pro se filings, Judge Wolf found no allegations that would entitle her to relief and, therefore, denied her request to amend her complaint.  Id. at *8-10.

More than a year later, Barricello sought to reopen Barricello I; Judge Wolf considered her request, along with other pro se motions she filed while the request to reopen was pending, and denied it in a December 27, 2017 Memorandum and Order.  Barricello I, No. 13-cv-12795, ECF No. 77.

Barricello filed the present action in February 2018, two weeks after Wells Fargo had conducted a foreclosure auction on her Brewster home.  The lengthy Complaint advances numerous theories of liability, repeats many of the allegations she advanced in Barricello I, and incorporates without explanation copies of numerous documents (e.g., a single page of a Securities and Exchange Commission form for the trust that held her note, and news articles about Bank of America, Doc. No. 1 at 11, 41-42).  In general, she challenges Wells Fargo's legal right to foreclose, claims the foreclosure was untimely under multiple state statutes, and alleges fraud and misconduct by the defendants (some of which, she claims, was concealed from her until she received an accounting history in November 2015) and violations of the automatic bankruptcy stay.

Before the defendants answered, Barricello filed a motion to amend her complaint to include additional Chapter 93A claims against BANA, as well as a breach of contract claim against BANA related to the February 2016 foreclosure of another property she owned in Eastham, Massachusetts.  Doc. No. 17.  Barricello filed an emergency motion to prevent her

eviction, Doc. No. 18, which the Court denied after finding she had not demonstrated a likelihood of success on the merits, citing the dismissal of Barricello I, Doc. No. 19.

The defendants responded to Barricello's complaint by seeking dismissal under Rules 8(a)(2) and 12(b)(6). Doc. Nos. 24, 32. Barricello opposed the motions to dismiss and requested summary judgment in her favor. Doc. Nos. 34, 36. On July 2, 2018, Barricello filed a motion for default judgment, citing the defendants' failure to respond to the request for summary judgment embedded in her opposition brief. Doc. No. 41.

## II. **LEGAL STANDARDS**

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires plaintiffs to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); see Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "The fundamental purpose" of pleading rules like Rule 8 "is to protect a defendant's inalienable right to know in advance the nature of the cause of action being asserted against him." Ruiz Rivera v. Pfizer Pharm., LLC, 521 F.3d 76, 84 (1st Cir. 2008). Rule 8's requirement of a "short and plain statement" protects defendants and courts from the "unjustified burden" of parsing and responding to unnecessarily lengthy pleadings. Belanger v. BNY Mellon Asset Mgmt., LLC, 307 F.R.D. 55, 57-58 (D. Mass. 2015) (quotation marks omitted); accord 5 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1281, 709 (3d ed.).

Rules 8(d) and 10(b) impose additional requirements intended to further advance the fundamental purposes of giving defendants fair notice of the claims asserted against them and permitting them to formulate cogent answers and defenses to those claims. Specifically, Rule 8(d) requires "simple, concise, and direct" allegations, while Rule 10(b) mandates that claims be conveyed "in numbered paragraphs, each limited as far as practicable to a single set of circumstances."

As a general matter, when faced with a motion to dismiss, a court must accept well-pleaded allegations of the complaint as true, drawing all reasonable inferences in favor of the plaintiff. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).[3] Factual allegations that consist merely of "labels and conclusions" are not credited, Twombly, 550 U.S. at 555, and "'naked assertion[s]' devoid of 'further factual enhancement'" do not suffice, Iqbal, 556 U.S. at 678 (alteration in original) (quoting Twombly, 550 U.S. at 557). The well-pleaded facts, accepted as true, must "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

Though their submissions are entitled to liberal construction, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), pro se litigants are not exempt from these basic pleading standards. Barricello, in particular, has been informed of her obligation to comply with the relevant procedural rules at least twice previously. Barricello I, 2016 WL 1244993, at *8; Barricello I, ECF No. 77 at 8. "A district court has the power to dismiss a complaint when a plaintiff fails to comply with the Federal Rules of Civil Procedure, including Rule 8(a)(2)'s 'short and plain statement' requirement." Kuehl v. F.D.I.C., 8 F.3d 905, 908 (1st Cir. 1993).

## III. DISCUSSION

Even construed liberally, Barricello's complaint does not satisfy the pleading requirements set forth in the Federal Rules of Civil Procedure and referenced above. It is not "short and plain," its allegations are not "simple, concise, and direct," and its paragraphs are neither "numbered" nor "limited . . . to a single set of circumstances." Fed. R. Civ. P. 8(a)(2), 8(d), 10(b). The complaint is eighty-four pages long, with more than forty pages of exhibits. Doc. No. 1. Her one-page motion to amend is followed by thirteen more pages of information

---

[3] The Court "may augment these facts and inferences with data points gleaned from documents incorporated by reference into the complaint, matters of public record, and facts susceptible to judicial notice." Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011).

5

she presumably seeks to add to her complaint, along with thirty-six more pages of unexplained exhibits. Doc. No. 17.

Each of these submissions is replete with conclusory and repetitious allegations of the defendants' alleged fraud and general wrongdoing, often with no direct connection drawn to her own circumstances. E.g., Doc. No. 1 at 15-16 (calling SPS "a predator" that "do[es] not think the foreclosure laws of Massachusetts apply to" it, and asserting that "[f]or years [BANA] has passed [its] problems and issues on to the new servicers at the borrower's expense"). The relevance of many of the exhibits copied within and attached to her submissions is not apparent from the body of the pleadings. E.g., id. at 45-52 (reproducing excerpts from congressional testimony related to Bank of America). She frequently refers to the defendants collectively, preventing both the defendants and the Court from discerning precisely who she alleges is liable for which alleged misconduct, let alone how she believes that misconduct relates to her own circumstances. E.g., id. at 8-9 (accusing "Defendants" of using "every stall tactic to drag things out," alleging they "chose not to pursue foreclosure for reasons that are obvious now," referencing their "obligation to keep accurate accounting of mortgage payment history," and citing their "scheme to swindle loan servicing fees" and other payments).

Put simply, Barricello has not made short and plain allegations that are susceptible to reasonable interpretation and response. Her failure to convey her allegations in concise, numbered paragraphs only exacerbates the difficulty faced by the defendants and the Court in endeavoring to understand the facts she alleges, discern the legal underpinnings of the causes of action arising from those facts, and respond to her claims. Barricello's oppositions to the motions to dismiss suffer from similar problems; they do not, and cannot, rectify the fatal deficiencies in her pleadings. Having reviewed all of Barricello's submissions to date in this

action, the Court is bound to conclude that it would be unreasonable to expect the defendants to parse, let alone frame a response to, her claims.

Because the amendment Barricello has proposed also fails to satisfy the same pleading standards, and because this is not Barricello's first attempt to challenge the defendants' conduct related to her defaulted mortgage,[4] her failure to comply with the applicable pleading rules justifies allowing the motions to dismiss and denying the motion to amend.[5]

Finally, Barricello is not entitled to entry of default or a default judgment arising from the defendants' failure to answer the request for summary judgment she included in her opposition to Wells Fargo's motion to dismiss. See Fed. R. Civ. P. 55(a) (permitting entry of default where "a party . . . has failed to plead or otherwise defend"); Fed. R. Civ. P. 55(b) (providing for default judgment only after default is entered); Fed. R. Civ. P. 56 (listing requirements for summary judgment motions, most of which Barricello has not satisfied); Local Rule 56.1 (same).

## V.     CONCLUSION

For the reasons set forth above, Barricello's motion to amend (Doc. No. 17) is DENIED, the defendants' motions to dismiss (Doc. Nos. 24 and 32) are ALLOWED, Barricello's request for summary judgment (Doc. No. 36) is DENIED, and her motion for default judgment (Doc. No. 41) is DENIED. This action is DISMISSED.[6]

SO ORDERED.

/s/ Leo T. Sorokin
United States District Judge

---

[4] Before dismissing Barricello I, and in denying the motion to reopen it, Judge Wolf carefully considered Barricello's allegations and concluded her positions were without merit.

[5] This conclusion renders it unnecessary to reach the alternative grounds for dismissal urged by the defendants. The Court notes, however, that there appear to be additional bases for dismissal, including res judicata (as much of the complaint describes events that were before Judge Wolf, or that could have been presented in that action), state-law statutes of limitations, and failure to plead cognizable claims under Rules 9(b) and 12(b)(6).

[6] This Order is without prejudice to Barricello commencing a new action, in a complaint which satisfies the pleading rules, asserting claims related to the foreclosure of the Eastham property.